IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GARY R. KLAFT, | § | |
| | § | |
| Defendant Below- | § | No. 116, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID 1302019245 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:   June 22, 2015
Decided:   August 25, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

# **O R D E R**

This 25th day of August 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)    The defendant-appellant, Gary Klaft, pled guilty on August 7, 2013 to one count each of Rape in the Fourth Degree and Sex Offender Unlawful Sexual Conduct Against a Child.  The Superior Court declared Klaft to be a habitual offender and sentenced him to a total period of forty years at Level V imprisonment to be suspended after serving twenty years in prison for twenty years at Level III probation.  Klaft did not file a direct appeal.  Instead, in December 2013, Klaft filed a motion for postconviction

relief, which the Superior Court denied on February 27, 2015.  This is Klaft's appeal from that ruling.

(2)    Klaft's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c).  Klaft's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  By letter, Klaft's attorney informed him of the provisions of Rule 26(c) and provided Klaft with a copy of the motion to withdraw and the accompanying brief.  Klaft also was informed of his right to supplement his attorney's presentation.  Klaft has not raised any issues for this Court's consideration.  The State has responded to the position taken by Klaft's counsel and has moved to affirm the Superior Court's judgment.

(3)    The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold:  (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[*]

---

[*] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

(4) This Court has reviewed the record carefully and has concluded that Klaft's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Klaft's counsel has made a conscientious effort to examine the record and the law and has properly determined that Klaft could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Karen L. Valihura
Justice